Staples, J.,
delivered the opinion uf the court.
Eloyd Tanner died in the county of Pittsylvania in the year 1863, possessed of considerable real and personal property. Administration upon his estate with the will annexed was committed to C. D. Bennett, then sheriff of the county. Among the assets or choses in action which came to the hands of Bennett as such administrator, was a bond of $1,785.19 executed to the testator by Dr. B. E. Terry, of Prince Edward county in the year 1857. No part of the money due upon this bond was ever collected by Bennett; but the whole of it was ultimately lost to the estate of Tanner, by the insolvency of Terry. The present controversy grows out of an attempt of the appellant to fix upon Bennett a devastavit in failing to institute suit and obtain judgment upon this bond. It is conceded that Bennett placed the bond in the hands of H. E. Parrish, an attorney at law residing in Prince Edward, for collection, by suit or otherwise. The appellant insists this was not done, however, until the year 1867, after Terry’s failure, and after he had executed a deed eon *253 veying his real estate for the benefit of certain preferred creditors. A receipt of Mr. Parrish is produced bearing date 12th August, 1867, in which it is stated that he had received of Bennett Terry’s bond for collection; and this would seem to sustain appellant’s theory of the transaction. On the other hand Mr. Parrish, whose deposition was taken by the appellee, states very positively, that he received the bond from Bennett in the year 1863. At the time this deposition was taken the receipt was in the possession of Tanner’s representatives, their counsel might have cross-examined the witness and called for an explanation of the apparent conflict between his statement and the date of the receipt. It ivas due to the witness that such an opportunity should be afforded him before any unfavorable inference could be drawn against the truth of his testimony. Nothing however was said about the receipt until it was filed as an exhibit with the commissioner who was directed to take the account.
The receipt does not necessarily prove that Mr. Parrish is mistaken with regard to the time the bond was placed in his hands. It is probable that the bond may have been sent to him during the war and the receipt given on the day of its date. One thing would seem to be clear, if Mr. Parrish is to be believed at all, the bond was in his possession long before Terry made any conveyance of his property, and before judgments were recovered against him. Mr. Parrish says that he as well as other attorneys having claims against Terry for collection, were deterred from bringing suit upon them, because they were afraid that so soon as these suits were commenced Terry would at once give a preferred deed. As Mr. Parrish’s deposition is very brief, and covers the entire ground of defence, I will give his statement in his own words. He says in answer to a question:
*254 “Not long after October, 1863,1 received from Col. C. D. Bennett, of Pittsylvania, a bond (tbe one referred to in the question and in tbe proceedings in this BUy^ for collection by suit or otherwise; I enquired into the pecuniary condition of Dr. Terry, tbe defenan(j ])ecame convinced tbat it would be inexpedient and injudicious to bring suit on it, and did not do so for some time. I was induced to believe from enquiries tbat if suit was brought Dr. Terry would be likely to make a deed, and after consultation with a number of lawyers in active practice in Prince Edward county, and especially with tbe late John W. Wilson, a lawyer of distinction and Well known as a good collector, and who, also, bad a claim against said Terry, I became convinced tbat it was best to pursue tbe course above indicated; but I finally did bring a suit in order to. place my client in as good a position as other creditors who were seeking judgments.”
In these statements be is corroborated by the testimony of other witnesses. Judge Dickenson whose deposition is filed in tbe record, says—“ I am unable to say what would have been tbe effect upon Dr. Terry or his creditors of a suit in 1863, except from what occurred in tbe winter of 1865-6. Suits were brought against him by several creditors to tbe January rules, 1866; and be sold and conveyed bis land prior to the court at which judgments were rendered, so tbat no liens were obtained on tbe land, and tbe judgments were unavailing. Perkinson’s bond bad been in my bands for some time. I deemed it best to seek a judg* ment, but my client was dissatisfied at my having subjected him to tbe costs of wliat be regarded an unnecessary suit.”
It appears indeed tbat other creditors brought suit in January, 1866, and tbat Terry very soon thereafter in anticipation of tbe judments against him, made tbe *255 sale and conveyance of bis real estate already referred to for the benefit of certain preferred creditors, and not long afterwards went into bankruptcy. None of his creditors ever realized a dollar of their claims, ■except those included in the deed; so that if Bennett’s counsel had instituted suit at the earliest period, other creditors would have done the same; and if he had succeeded in obtaining judgment it is almost certain it would have availed nothing.
Bennett seems to have done all it was incumbent upon him to do in the exercise of a reasonable diligence. He was at the time sheriff of the county of Pittsylvania, and would scarcely be expected to give personal attention to the collection of claims due his testator from debtors residing in distant counties. The country was then in a state of war. The currency in circulation was greatly depreciated, and down to the year 1866, it was almost impracticable even to obtain judgments where the debtor chose to interpose objections. It seems to me therefore very clear that neither Bennett nor his counsel were guilty of any such negligence with respect to the bond in question as would convict Bennett of a devastavit in the administration of Tanner’s estate. This view renders unnecessary any decision of the interesting question so ably discussed by the appellee’s counsel; and that is, whether a personal representative having placed a claim in the hands of a discreet and reliable lawyer can be held responsible for the debt, if the lawyer should fail to prosecute a suit with proper diligence.
There are several other questions presented in the petition for an appeal, but they involve very trivial sums, and do not require any special consideration. They were correctly decided by the circuit court; and for the reasons already stated the decree is affirmed.
Decree aeeirmed.